UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MATTHEW C. STECHAUNER,

    Petitioner,

v.                                       Case No. 08-C-0607

MICHAEL THURMER,

    Respondent.

ORDER GRANTING PETITIONER'S MOTION TO REOPEN CASE (DOC. # 13);
REQUIRING THE RESPONDENT TO FILE ANSWER OR OTHER RESPONSE;
DENYING AS MOOT PETITIONER'S MOTION TO PROCEED IN FORMA
PAUPERIS (DOC. # 19); AND DENYING MOTION FOR
APPOINTMENT OF COUNSEL (DOC. # 20)

Matthew Stechauner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Stechauner was convicted in Milwaukee County Circuit Court of second degree reckless homicide as party to a crime and armed robbery with use of force as party to a crime. (Pet. 2.) He was sentenced to twenty-five years initial confinement and fifteen years extended supervision and remains incarcerated at Waupun Correctional Institution.

On October 20, 2008, this court issued a screening order pursuant to Rule 4 of the Rules Governing § 2254 Cases. *See* Doc. # 5. Respondent filed a motion to hold in abeyance, seeking an order delaying consideration of the habeas petition to enable the petitioner to exhaust his state court remedies. The motion was granted on December 30, 2008, and this case was administratively closed. However, the petitioner was advised that within days following the resolution of his state court remedies he could reopen the case

by filing a motion and copies of the new, relevant state court decisions. *See* Doc. # 11. Petitioner is now asking the court to reopen this case and has submitted copies of decisions from the Wisconsin Court of Appeals and the Wisconsin Supreme Court addressing his request for post-conviction relief. *See* Doc. # 13. Thus, it appears that he may have exhausted his state court remedies.

Also before the court is petitioner's motion to proceed in forma pauperis. However, this motion is moot inasmuch as the court's October 20, 2008, order granted the initial petition to proceed in forma pauperis.

Additionally, the petitioner has tendered a second request for appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), allows the court to appoint counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. However, to do so, the court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). On the other hand, indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982).

In the instant case, Stechauner documents his efforts to secure counsel as he has submitted copies of letters from three law firms rejecting his requests for representation. Regardless, because this case is in its earliest stages the court is not

2

persuaded that the facts or the issues are so complex that petitioner requires the assistance of counsel. Therefore,

IT IS ORDERED that by July 15, 2011, respondent shall file an answer or otherwise respond to the petition in compliance with Rule 5 of the Rules Governing § 2254 Cases.

IT IS FURTHER ORDERED that the petitioner may file a reply within thirty (30) days of the filing of that response.

IT IS FURTHER ORDERED that the petitioner's motion to proceed in forma pauperis (Doc. # 19) is denied as moot.

IT IS FURTHER ORDERED that the petitioner's motion for appointment of counsel (Doc. # 20) is denied without prejudice.

An answer must comply with Rule 5 of the Rules Governing § 2254 Cases, and show cause, if any, why the writ should not issue. If respondent files an answer, petitioner shall have forty-five days from receipt of the answer to file a brief in support, respondent may file an opposition brief within forty-five days of receipt of petitioner's brief, and petitioner shall have thirty days within which to file a reply, if any.

If the respondent files a motion to dismiss, the motion must be accompanied by a brief in support and other relevant materials. The time for response by petitioner and reply by respondent shall be governed by this district's local rules.

Principal briefs may not exceed thirty pages; reply briefs may not exceed fifteen pages.

Pursuant to a Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE